UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHARLES S. MAYBERRY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:05CV1439MLM |
| ) | |
| JOSEPH J. NITKA, GREG WILLIAMS and ) | |
| INTEGRAM ST. LOUIS SEATING ) | |
| Defendants. ) | |

## ORDER

On September 7, 2005 plaintiff filed a Complaint in this court naming as defendants Joseph J. Nitka, Greg Williams and Integram St. Louis Seating. With the Complaint he filed a Motion to Proceed *In Forma Pauperis* [Doc. 1] and a Motion for Appointment of Counsel [Doc. 4]. On October 5, 2005 plaintiff filed supplemental materials and a transcript of the Arbitration Hearing. On December 1, 2005 this court directed plaintiff to file a fully completed financial affidavit or pay the filing fee. On December 21, 2005 plaintiff paid the full filing fee. His Motion to Proceed *In Forma Pauperis* is therefore moot. [Doc. 1] On March 9, 2006 plaintiff was reminded by letter from the Office of the Clerk that it is his obligation to obtain service on defendants pursuant to Federal Rule of Civil Procedure 4(m).

Federal Rule of Civil Procedure 4(m) provides that:

[i]f service of the summons and complaint is not made upon a defendant within one hundred and twenty days after the filing of the complaint, the court, upon motion, or upon its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

The court will deem this case filed as of December 21, 2005 when the full filing fee was paid.

There is no indication in the court filed that plaintiff has obtained service upon the defendants. Pursuant to Federal Rule of Civil Procedure 4(m), plaintiff has until April 21, 2006 to serve the defendants.

In addition, the court will take up plaintiff's Motion for Appointment of Counsel. [Doc. 4 ]

There is no automatic or constitutional right to the appointment of counsel in a civil case. See Stevens v. Redwing, 146 F.3d 538, 546 (8th Cir. 1998) (citing Wiggins v. Sargent, 753 F.2d 663,

668 (8th Cir. 1985)); Slaughter v. City of Maplewood, 731 F.2d 587, 590 (8th Cir. 1984); Nelson v. Redfield Lithograph Printing, 728 F.2d 1003, 1005 (8th Cir. 1984).

"When determining whether to appoint counsel for an indigent civil litigant, the district court considers relevant factors such as the complexity of the case, the ability of the indigent litigant to investigate the facts, the existence of conflicting testimony, and the ability of the indigent to present his claim." Stevens, 146 F.3d at 546 citing Johnson v. Williams, 788 F.2d 1319, 1322-23 (8th Cir. 1986).

The undersigned has examined plaintiff's allegations as presented in his complaint. Based on its review of the court file and in light of the applicable standards set forth above, the court believes that the facts and legal issues involved do not warrant the appointment of counsel. In particular, the court finds that the issues presented in plaintiff's Complaint do not contain claims or issues which are legally or factually complex. As such, the courts finds that plaintiff's request for appointment of counsel should be denied.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's Motion to Proceed *In Forma Pauperis* is **DENIED as MOOT**. [Doc. 1]

**IT IS FURTHER ORDERED** that plaintiff's Motion for Appointment of Counsel is **DENIED** without prejudice. [Doc. 4]

**IT IS FURTHER ORDERED** that plaintiff shall serve defendants by private process server or obtain a waiver of service by **April 21, 2006** pursuant to Federal Rule of Civil Procedure 4(m).

**IT IS FURTHER ORDERED** that plaintiff shall file with the court proof of service or execution of the waiver of service by **April 28, 2006** or shall show cause why this case should not be dismissed for failure to comply with Federal Rule of Civil Procedure 4(m).

/s/Mary Ann L. Medler
MARY ANN L. MEDLER
UNITED STATES MAGISTRATE JUDGE

Dated this  29th  day of March, 2006.